Lin v. Holder

BIA
A073 554 915

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand fourteen.

PRESENT:
      JOSÉ A. CABRANES,
      RICHARD C. WESLEY,
      CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

FENG LIN,
     *Petitioner,*

     v.                    13-134
                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:      Khagendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Feng Lin, a native and citizen of the People's Republic of China, seeks review of a December 26, 2012, order of the BIA denying her motion to reopen proceedings. *See In re Feng Li*, No. A073 554 915 (B.I.A. Dec. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We review the agency's factual findings regarding country conditions under the substantial evidence standard. *Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). There is no dispute that Lin's motion to reopen, filed in 2012, was untimely because the BIA issued a final order of removal in 2001. *See* 8 U.S.C. § 1229a(c)(7)(C)(I) (setting forth 90-day deadline for filing to reopen); 8 C.F.R. § 1003.2(c)(2) (same).

To the extent Lin argues that her conversion to Christianity excuses the untimeliness of her motion to reopen, her conversion is a change in her personal

2

circumstances, not a change in conditions in China as required to excuse the 90-day time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (clarifying that limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

Further, the agency did not err in finding that Lin failed to present sufficient evidence of changed conditions in China. First, the BIA was not required to credit Lin's individualized evidence given the earlier adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007). The agency also reasonably rejected Lin's own statement, and those from her daughter and sister, as unsworn and/or submitted by interested parties. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (rejecting affidavits from applicant's friends and relatives because they were prepared by "interested witnesses"), *remanded in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Further, Lin's objective evidence of country

3

conditions was unrelated to religious persecution or related to repression of religion in Hong Kong, Macau and Tibet, but not in her province of Fujian in mainland China. Accordingly, nothing in the record compels the conclusion that there has been a material change in conditions in China, as required to overcome the time limitation. *See* 8 U.S.C. §§ 1229a(c)(7)(C)(ii), 1252(b)(4)(B) (The BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk